## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION
## CIVIL CASE NO. 1:18-mc-00003-MR-DLH

| | |
|---|---|
| **NATURAL IMMUNOGENICS CORP.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **vs.** ) | |
| ) | |
| **NEWPORT TRIAL GROUP, SCOTT** ) | |
| **J. FERRELL, RYAN M. FERRELL,** ) | |
| **JAMES B. HARDIN, VICTORIA C.** ) | **ORDER** |
| **KNOWLES, ANDREW LEE BASLOW,** ) | |
| **ANDREW NILON, SAM PFLEG,** ) | |
| **MATTHEW DRONKERS, TAYLOR** ) | |
| **DEMULDER, SAM SCHOONOVER,** ) | |
| **GIOVANNI SANDOVAL, and DOES** ) | |
| **1-10,** ) | |
| ) | |
| **Defendants.** ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the following:

(1)     The Motion to Compel Compliance with Subpoenas Issue by the

Court in the Central District of California filed by Newport Trial

Group ("NTG") [Doc. 1];

(2)     NTG's Motion to Transfer Venue under Rule 45(f) for Motion to

Compel Compliance with Subpoenas to the Issuing Court in the

Central District of California [Doc. 2];

(3)     The Motion to Intervene filed by Natural Immunogenics Corp. ("NIC") [Doc. 14];

(4)     NIC's Motion to Dismiss NTG's Motion to Compel for Lack of Jurisdiction [Doc. 16];

(5)     NTG's Motion to Strike NIC's Motion to Dismiss for Lack of Jurisdiction [Doc. 30];

(6)     NTG's Motion to Strike Docket Nos. 27, 28 and 28-1 [Doc. 34];

(7)     The "Notice of Motion and Motion to Accept Negrete's Joinder and Non-Opposition to Natural Immunogenics Corp.'s Motion to Intervene and Dismiss Motion to Compel or, in the Alternative Deem Them Surreply *Nunc Pro Tunc*" filed by Nonparty Carlos Negrete ("Negrete") [Doc. 35];

(8)     NIC's Rule 72 Objections [Doc. 47] to the Order of Magistrate Judge Dennis L. Howell granting NTG's Motion to Transfer Venue and transferring the Motion to Compel and all other pending motions to the Central District of California [Doc. 46];

(9)     Negrete's Joinder with Plaintiff's Rule 72 Objections [Doc. 49]; and

(10)    Negrete's Rule 72 Objections to Magistrate's Order [Doc. 50].

## I.   FACTUAL AND PROCEDURAL BACKGROUND

None of the parties has filed any objections to the Factual and Procedural Background as set forth in Magistrate Judge's Howell Order [Doc. 46 at 2-4].  Upon careful review, the Court finds that the Magistrate Judge's recitation of the relevant factual and procedural history is correct, and it is therefore adopted in its entirety herein.

In short, this matter stems from prior litigation ("the Underlying Litigation") wherein the current defendants represented the plaintiffs therein against NIC, which is the current plaintiff in the present case.  After the Underlying Litigation was dismissed, NIC brought an action ("the California Action") in the United States District Court for the Central District of California, asserting claims against their prior adversaries' lawyers for, *inter alia*, malicious prosecution and violations of RICO.  One of the lawyers who represented NIC in the Underlying Litigation was Carlos Negrete.  Negrete is now a resident of the Western District of North Carolina.  The Defendants sought to depose Negrete and discover documents from him.  The Defendants contend that Negrete's responses to both the document subpoena and in his deposition were deficient, giving rise to the present motions.

On April 19, 2018, Magistrate Judge Howell entered an Order granting NTG's Motion to Transfer, whereby NTG's Motion to Compel and all other motions pending before the Court were to be transferred to the United States District Court for the Central District of California. [Doc. 46]. NIC and Negrete both filed objections to the Magistrate Judge's Order, arguing that this Court lacks jurisdiction to compel Negrete to comply with NTG's deposition subpoena, and thus, the Order transferring that portion of NTG's Motion to Compel was in error.[1] [Docs. 47, 49, 50].

## II.  STANDARD OF REVIEW

Pursuant to Rule 72(a) of the Federal Rules of Civil Procedure, a party may submit objections to a Magistrate Judge's ruling on a non-dispositive pretrial motion and seek that the order be set aside in whole or in part if it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). Further, even without specific objections to an order on a non-

---

[1] Negrete joined in NIC's objections [Doc. 49] and filed his own set of "objections" as well [Doc. 50]. Negrete's "objections," however, do not identify any specific error in the Magistrate Judge's Order but rather set forth a stream-of-consciousness accounting of various rules and case law that may or may not apply. These kinds of objections are insufficient to present any specific errors to the District Court for review. Aldrich v. Bock, 327 F.Supp.2d 743, 747 (E.D. Mich. 2004) ("A general objection, or one that merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge. An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context."). Accordingly, the Court will not address them further.

dispositive pretrial motion, "[t]he district judge in the case must … modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); see 28 U.S.C. § 636(b)(1)(A).  "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948); Walton v. Johnson, 440 F.3d 160, 173-74 (4th Cir. 2006).  "For questions of law there is no practical difference between review under Rule 72(a)'s contrary to law standard and [a] de novo standard."  Bruce v. Hartford, 21 F.Supp.3d 590, 594 (E.D. Va. May 1, 2014) (internal quotation marks and citation omitted).  As such, the Court reviews the questions of law in this action de novo.

## III.   DISCUSSION

Subpoenas issued to nonparties are governed by Rule 45 of the Federal Rules of Civil Procedure.  Fed. R. Civ. P. 45; see also Fed. R. Civ. P. 34(c) ("As provided in Rule 45, a nonparty may be compelled to produce documents and tangible things or to permit inspection.").  Under Fed. R. Civ. P. 45(a)(2), as amended in 2013, all subpoenas "must issue from the court where the action is pending."  Fed. R. Civ. P. 45(a)(2).  Challenges to the subpoena must be filed in the district court encompassing the place where

the compliance with the subpoena is required (the "compliance court").  In re Bayer Crop Science, No. 5:16-MC-10-RJ, 2016 WL 7429201, *2 (E.D.N.C. June 14, 2016) (Jones, Mag. J.); Shaw Group, Inc. v. Zurich American Ins. Co., No. 12-257-JJB-RLB, 2014 WL 204244, *2 (M.D. La. Jan. 17, 2014) ("[E]nforcement of subpoenas to nonparties is still directed to the district court of the place of compliance.").  The compliance court may then, either with the consent of the parties or under "exceptional circumstances," transfer the motion to the issuing court.  Fed. R. Civ. P. Rule 45(f).

Here, the Document Subpoena issued by the California federal court required Negrete to produce certain documents in Greenville, South Carolina, which is located in the District of South Carolina.  Thus, NTG should have brought its motion to compel compliance in the United States District Court for the District of South Carolina.

NTG argues that it properly brought the motion to compel compliance here because NTG and Negrete informally agreed to change the place of production to a location within this District.  Any such informal agreement, however, has no effect on the place of compliance called for by the subpoena.  The Document Subpoena was never amended or reissued, and thus, the place of required compliance was always the District of South Carolina.  Because compliance with the Document Subpoena was not

6

"required" in the Western District of North Carolina, this Court lacks authority under Rule 45(f) to transfer any motion seeking to compel compliance with the Document Subpoena.  Accordingly, the Court will vacate that portion of the Magistrate Judge's Order transferring the Motion to Compel insofar as it relates to the Document Subpoena.  Moreover, to the extent that NTG's Motion to Compel seeks to compel compliance with the Document Subpoena, such motion will be denied without prejudice.  <u>JMC Restaurant Holdings, LLC v. Pevida</u>, No. 14 Civ. 6157(WFK)(VMS), 2015 WL 2240492, at *5 (E.D.N.Y. May 12, 2015) (denying plaintiff's motion to compel compliance with a subpoena to produce documents that required compliance at a place located within the jurisdiction of a different district court without prejudice to refile in the proper district).

Upon review of the remainder of the Magistrate Judge's Order, the Court is satisfied that the Magistrate Judge's findings are not clearly erroneous and that his legal conclusions are not contrary to law.  Unlike the Document Subpoena, NTG issued three separate Deposition Subpoenas for Negrete to appear.  Only the third Deposition Subpoena is at issue here, and it seeks to compel Negrete's appearance within the Western District of North Carolina.  Therefore, the jurisdictional problem with the Document Subpoena does not present itself with respect to the Deposition Subpoena.

7

Both Rule 37 and Rule 45 pertain to the requirement of non-parties to appear for depositions and to respond therein.   Ordinarily, a motion to compel should be decided by the court for the district where the discovery is to occur.   Rule 37 of the Federal Rules of Civil Procedure provides that a motion seeking to compel disclosure or discovery of a nonparty must be filed "in the court where the discovery is or will be taken."   Fed. R. Civ. P. 37(a)(2). That rule makes no provision for the transfer of motions to compel, although Rule 45 allows for the transfer of motions related specifically to a subpoena. See Fed. R. Civ. P. 45(f).   Where nonparties are involved, courts have recognized that motions to compel deposition testimony generally should remain with the court where the deposition is being taken unless the non-party has "expressly or implicitly consented to such a transfer."   See, e.g., Fincher v. Keller Indus., Inc., 129 F.R.D. 123, 125 (M.D.N.C. 1990).   Negrete has indicated that he does not consent to the transfer of the Motion to Compel.   [See Doc. 18].   The Court agrees, however, with the Magistrate Judge that this case presents exceptional circumstances which warrant the transfer of this matter to the Central District of California.   As noted by the Magistrate Judge, the transfer of this matter will promote judicial economy and will eliminate the possibility of inconsistent rulings on discovery issues. A Special Master has been appointed in the California Action, and he is well-

versed in the factual background relevant to the discovery issues presented by NTG's Motion to Compel.  The parties have already filed thousands of pages of discovery with the Special Master, and he has already presided over numerous discovery-related disputes, including motions to compel deposition testimony of non-party witnesses.  Finally, transferring these motions will not impose an undue burden on Negrete.  Specifically, Negrete will not be required to travel to California, as any hearing before the Special Master would be conducted telephonically.  For all these reasons, the Court concludes that the Magistrate Judge was correct in finding that exceptional circumstances warrant a transfer of these motions concerning the deposition to the Central District of California.

## O R D E R

**IT IS, THEREFORE, ORDERED** that:

(1)   The Objections of NIC and Negrete [Docs. 47, 49, 50] are **ACCEPTED IN PART and OVERRULED IN PART**;

(2)   The Magistrate Judge's Order [Doc. 46] is **VACATED IN PART** and **AFFIRMED IN PART**;

(3)     NTG's Motion to Compel [Doc. 1] is **DENIED IN PART WITHOUT PREJUDICE** to the extent that it seeks compliance with the Document Subpoena; and

(4)     NTG's Motion to Transfer Venue [Doc. 2] is **GRANTED**, and NTG's Motion to Compel [Doc. 1], insofar as it relates to Negrete's deposition, is hereby **TRANSFERRED** to the United States District Court for the Central District of California.  All other motions pending in this action [Docs. 14, 16, 19, 30, 34, 35] are **TRANSFERRED** to the United States District Court for the Central District of California as well.

The Clerk of Court is respectfully directed to close this case.

**IT IS SO ORDERED.**          Signed: January 22, 2019

Martin Reidinger
United States District Judge